IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL LEE BERG, | : |
| Plaintiff, | : |
| VS. | : NO. 5:22-CV-00207-MTT-CHW |
| CAPTAIN TONY RICE, *et al.*, | : |
| Defendants. | : |

### ORDER

*Pro se* Plaintiff Daniel Lee Berg, a pre-trial detainee at the Houston County Jail in Perry, Georgia, has filed a pleading that has been docketed as a 42 U.S.C. § 1983 civil rights claim. ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, Plaintiff's request to proceed without prepayment of the filing fees is **DENIED**. The Court further finds that Plaintiff must recast his complaint as also explained herein.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).

Plaintiff complains that his constitutional rights have been violated by the Defendants due to his arrest and continued detention. ECF No. 1-1. More specifically, Plaintiff raises claims of false imprisonment and malicious prosecution. *Id*. at 8. His

request for relief is for this Court to facilitate his release from custody.  ECF No. 1 at 6.

Release is not available as a remedy in a § 1983 action; instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  Monetary damages are available in a § 1983 action but not in a habeas action. *See Prieser v. Rodriguez*, 411 U.S. 475, 493 and 500 (1973).

If Plaintiff is challenging the fact or validity of his confinement and seeks release from custody, then Plaintiff must recast his complaint on the Court's standard § 2241 form for federal habeas corpus relief.  As to state custody, however, "the proper method for challenging pre-trial detention . . . is a state petition for writ of habeas corpus." *Hughes v. Coursey*, No. CV 110-077, 2010 U. S. Dist. LEXIS 86078 At *4-*5 ( S.D. Ga, July 27, 2010) (citing *Mullinax v. State*, 271 Ga. 112 (1999) and *Bozzuto v. State*, 276 Ga. App. 614 (2005)).  Plaintiff is cautioned that any federal habeas petition is subject to the exhaustion doctrine.  *See* 28 U.S.C. § 2254(b).  In other words, a petitioner is required to exhaust all available state remedies such as a state habeas petition and appeal before he may go forward with an action in federal court.  *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases").

Plaintiff claims to have filed a state habeas petition that remains pending in a state court.  Thus, Plaintiff has not fully exhausted his state remedies.  Accordingly, this Court is barred from considering a federal habeas petition from the Plaintiff until he has fully

exhausted his claims within the state courts. *See Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973) (addressing issue raised in §2241 petition only after concluding the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim).

If Plaintiff instead wishes to complain about the conditions of his confinement and seek monetary damages, he should recast his complaint on the Court's § 1983 form. Much of what he already complains about may not presently be actionable under §1983, while Plaintiff is a pre-trial litigant on a state criminal charge. *See Younger v. Harris*, 401 U.S. 37, 53 (1971) (federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law in State courts and will not suffer irreparable injury); *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000) (a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception). The fact that Plaintiff must endure a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention. *See Younger*, 401 U.S. at 46.

Moreover, if Plaintiff was convicted of or pled guilty to the state criminal charges of which he complains, this Court may still be barred from hearing his § 1983 complaint. The United States Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-487.

If Plaintiff still wishes to pursue a federal claim, he must recast his complaint on the proper form for the legally actionable claim he wishes to bring after considering this Court's guidance above.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed a motion to proceed *in forma pauperis*. ECF No. 2. Plaintiff's account certification indicates a "cash drawer total" of $768.00. ECF No. 5. Plaintiff has had average monthly deposits in his account of $192.00.[1] *Id*. Thus, Plaintiff appears to have enough money to pay the filing fee. Therefore, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**. Plaintiff must arrange to have the filing fee forwarded to the Court. The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $402.00.

## CONCLUSION

If Plaintiff still wishes to pursue a federal claim, he must recast his complaint on the appropriate form. The recast pleading shall supersede (take the place of) his initial complaint. The Court will not look back at Plaintiff's initial pleading to determine whether Plaintiff has an actionable federal claim. If instead Plaintiff has determined after this preliminary review that he wishes to abandon his complaint at this time, then he may

---

[1] Plaintiff was arrested on February 5, 2022. ECF No. 1-2 at 5. Plaintiff's suit was docketed on June 7, 2022. The Court has calculated Plaintiff's average monthly deposits based on this four-month incarceration period.

request a voluntary dismissal without prejudice.[2]

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2241 and § 1983 forms that Plaintiff must use in recasting his complaint. Plaintiff should be aware that ***habeas corpus claims and civil rights claims may not be presented together in a single pleading***. If Plaintiff wants to pursue both a habeas corpus claim and a § 1983 claim, then he must file separate actions for the different type of claims and pay the filing fees for each. Plaintiff should include this civil action number on only one of the recast complaints and the other claim will be assigned a new civil action number since it is a separate suit.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint and pay the appropriate filing fee based upon whether he chooses to pursue a habeas or § 1983 claim. The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $402.00. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's pleadings.** There will be no service of process in this case until further order.

**SO ORDERED and DIRECTED**, this 8th day of July, 2022.

                                               s/ Charles H. Weigle
                                               Charles H. Weigle
                                               United States Magistrate Judge

---

[2] Because no defendant has been served in the case, Plaintiff is automatically entitled to a voluntary dismissal without prejudice. Fed. R. Civ. P. 41(a)(1)(A).